HUBBART, Judge
(dissenting in part).
I must respectfully dissent in part from the court’s summary affirmance in this case. I would reverse and remand for a new trial solely as to those convictions in which the child/complainant was permitted to testify at trial, over objection, via two-way circuit television from the trial judge’s chambers, without physically confronting the defendant who remained in the courtroom. In my view, this procedure violated the defendant’s Sixth Amendment Right of Confrontation because, without dispute, the trial court made no case-specific finding that the child/complainants involved would *338 be traumatized by the presence of the defendant if they testified in the courtroom. Maryland v. Craig, — U.S. -, 110 S.Ct. 8157, 111 L.Ed.2d 666 (1990); Fricke v. State, 561 So.2d 597 (Fla. 3d DCA 1990). Moreover, the state, as the beneficiary of this federal constitutional error, has failed to establish beyond a reasonable doubt that there is no reasonable possibility that this error contributed to the convictions involving these children. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Given this view, it follows that the judgments of conviction and sentences for (1) two counts of capital sexual battery and one count of lewd assault on the child J.C., (2) two counts of capital sexual battery and one count of lewd assault on the child B.T., (3) one count of lewd assault on the child T.L., and (4) one count of lewd assault on the child A.P., should be reversed and the cause remanded for a new trial as to these counts. I agree with the court, however, that the remaining judgments of conviction and sentences under review should be affirmed.